UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
JERRY FINCH JR.,

      Plaintiff,

-against-

COUNTY OF SUFFOLK,

      Defendant.
-----------------------------------------------------------------x
FEUERSTEIN, United States District Judge:

**ORDER**

11-CV-0577 (SJF) (WDW)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ NOV 3 ○ 2011 ★

LONG ISLAND OFFICE

On January 25, 2011, incarcerated plaintiff Jerry Finch, Jr. ("plaintiff") filed this *pro se* action pursuant to 42 U.S.C. § 1983. By order entered September 1, 2011, plaintiff's application to proceed *in forma pauperis* was granted; his claims against defendant Brookhaven Memorial Hospital Medical Center ("Brookhaven Hospital"), its "John or Jane Doe" employees and the Suffolk County Correctional Facility ("SCCF"), i/s/h as Suffolk County Medical Staff, were *sua sponte* dismissed with prejudice, but were construed to be against the County of Suffolk ("the County"); and his claims as construed to be against the County were dismissed with prejudice unless plaintiff filed an amended complaint against the County and its employees in accordance with that order within thirty (30) dates from the date that order was served with notice of entry upon him. The Clerk of the Court served notice of entry of that order upon plaintiff on September 1, 2011, by mailing a copy thereof to plaintiff at the SCCF, his address on record with the Court, in accordance with Rule 5(b)(2)(C) of the Federal Rules of Civil Procedure. On September 8, 2011, that mailing was returned to the Court with the notation "Return to Sender/Attempted Not Known/Unable to Forward." (Doc. No. 8).

By order dated October 3, 2011, plaintiff was directed to serve and file an affidavit on or before October 24, 2011 providing the Court with a new address and telephone number at which he can be contacted and was advised that his failure to comply with that order would result in this action

1

being dismissed in its entirety with prejudice pursuant to rule 41(b) of the Federal Rules of Civil Procedure. The Clerk of the Court served notice of entry of that order upon plaintiff on October 6, 2011, by mailing a copy thereof to plaintiff at his address on record with the Court in accordance with Rule 5(b)(2)(C) of the Federal Rules of Civil Procedure, as well as by leaving a copy of the order with the Clerk of the Court in accordance with Rule 5(b)(2)(D) of the Federal Rules of Civil Procedure. On October 12, 2011, the mailing was returned to the Court with the notation "Discharged–Return to Sender." (Doc. No. 10).

Since plaintiff has not filed an affidavit in accordance with the October 3, 2011 order, has not filed an amended complaint in accordance with the September 1, 2011 order, and has not taken any other steps to prosecute this action since June 15, 2011, when he filed a letter requesting the status of this case, (Doc. No. 5), this action is dismissed in its entirety with prejudice.

Pursuant to Rule 77(d)(1) of the Federal Rules of Civil Procedure, the Clerk of the Court is directed to serve notice of entry of this order upon all parties in accordance with Rule 5(b) of the Federal Rules of Civil Procedure, including mailing a copy of this order to plaintiff's address of record pursuant to Rule 5(b)(2)(C) and leaving a copy of this order with the Clerk of the Court pursuant to Rule 5(b)(2)(D).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

s/ Sandra J. Feuerstein

Sandra J. Feuerstein
United States District Judge

Dated: November 30, 2011
Central Islip, New York

2